UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>BOREL SQUARE LLC, et al.,<br><br>  Defendants. | Case No. 21-cv-07527-JSW<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 22 |

On June 17, 2022, the Clerk entered default against Defendant Borel Square LLC, Plaintiff has filed suit seeking relief under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The only remedy available for Plaintiff's ADA claim is injunctive relief, but the Unruh Act provides for damages. *See, e.g., Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). "[A] plaintiff must demonstrate standing for each claim [they seek] to press and for each form of relief that is sought." *Town of Chester, N.Y v. Laroe Estates, Inc.*, 137 S. Ct 1645, 1650 (2017) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).

Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). In *Arroyo*, the Ninth Circuit noted that although California has enacted stricter filing requirements for "high frequency litigants" to file claims under the Unruh Act, litigants have "evaded those limits" by bringing claims in federal courts alleging violations of the ADA and the Unruh Act. 19 F.4th at 1213. The court found "[t]hese circumstances are 'exceptional' in any meaningful sense of the term."

Plaintiff has taken no further action against Borel Square LLC since the Clerk entered default. Accordingly, the Court ORDERS Plaintiff to show cause why his claims against Borel Square LLC should not be dismissed for failure to prosecute. If Plaintiff intends to maintain this action against Borel Square LLC, he and his counsel also are ORDERED TO SHOW CAUSE:

1. Why the Court should not dismiss this case for lack of Article III standing. In response, Plaintiff and Plaintiff's counsel shall submit separate declarations sworn under penalty of perjury that substantiate the jurisdictional allegations, including allegations regarding Plaintiff's initial visit to the establishment, Plaintiff's intent to return to the establishment, and counsel's pre-filing investigation on the jurisdictional allegations.

2. Why the Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim. In response, Plaintiff and Plaintiff's counsel shall submit declarations that provide the Court with the information necessary to determine if Plaintiff is a "high-frequency litigant," as that term is defined in California Code of Civil Procedure sections 425.55(b)(1) and (2).

The response to this Order to Show Cause is due by January 9, 2023. If Plaintiff fails to file a timely response, the Court shall dismiss the case with prejudice.

**IT IS SO ORDERED**.

Dated: December 14, 2022

_____
JEFFREY S. WHITE
United States District Judge